UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN THOMPSON,

    Plaintiff,

v.                                    CASE NO: 2:15-cv-11167
                                          HON: GERSHWIN A. DRAIN

CITY OF ST. CLAIR SHORES, STINDT,
TRAVIS CROOKS, and JENNA CONRAD,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND AS OF RIGHT**

    **NOW COMES** Plaintiff, **JOAN THOMPSON**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her First Amended Complaint as of Right against the above-named Defendants, states as follows:

1. Plaintiff is a resident of the City of St. Clair Shores, County of Macomb, State of Michigan.

2. Defendant City of St. Clair Shores is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. That the individually-named Defendants are and/or were police officers employed by the St. Clair Shores Police Department and were acting under color of law, in their individual and official capacities, and in the course and scope of their employment at all times mentioned herein.

4. That all relevant events giving rise to this lawsuit occurred in the City of St. Clair Shores, County of Macomb, State of Michigan.

5. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On or about April 9, 2013, Plaintiff was at the residence of an acquaintance located on Alger Street, which was located in the City of St. Clair Shores.

10. At said place and date, Plaintiff's acquaintance and his son got into an argument, which resulted in various officers of the St. Clair Shores Police Department arriving at the home.

11. Upon their arrival, the officers took custody of Plaintiff's acquaintance and were treating him inappropriately.

12. Seeing how her acquaintance was being treated by the police officers, Plaintiff slowly walked out of the front door of the house in a non-threatening manner and with her hands plainly visible, and asked the officers not to hurt her friend any more.

13. As Plaintiff got to the driveway in the front of the home, she was instructed to stop and not come any closer; and Plaintiff complied.

14. Plaintiff then proceeded to walk away from the officers and go back towards the house; and when she was told to stop again, Plaintiff again complied with the commands being given.

15. Defendants Stindt, Conrad, and Crooks then began to run at Plaintiff at which time Plaintiff advised them not to hurt her neck because she has had neck surgery in the past.

16. Defendants Stindt, Conrad, and Crooks disregarded Plaintiff's request and proceeded to violently grab her shoulders by her neck.

17. Defendants Stindt, Conrad, and Crooks, without asking Plaintiff to put her hands behind her back, violently grabbed her arms, pulled them behind her back, and proceeded to handcuffed her.

18. After Plaintiff was handcuffed behind her back, Defendants Conrad, Stindt, and Crooks then violently pushed Plaintiff down to the ground, causing Plaintiff to land on her knees.

19. While handcuffed and on her knees, Defendants Conrad, Stindt, and Crooks then proceeded to push Plaintiff again, causing her to land face first on the ground.

20. Plaintiff was never asked to get on the ground on her own volition.

21. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. That each of the individually-named Defendants were at all relevant times acting under color of law and acting within the course and scope of their employment.

24. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of her clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unreasonable searches and seizures and excessive/unreasonable force.

25. That Defendants violated Plaintiff's clearly established and federally protected rights by detaining, seizing, restraining, and/or restricting the liberty of Plaintiff without a reasonable suspicion and/or probable cause to do so and by using excessive force against Plaintiff and/or failing to intervene on her behalf.

26. That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

27. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## CITY OF ST. CLAIR SHORES' CONSTITUTIONAL VIOLATIONS

28. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. Defendant City of St. Clair Shores acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

30. That these customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police officers whom the City of St. Clair Shores knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

    e. Having a custom, policy, and/or practice of permitting officers to use excessive or unreasonable force.

31. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

32. Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

33. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

          Respectfully Submitted,
          CHRISTOPHER TRAINOR & ASSOCIATES

BY:   **s/ Shawn C. Cabot**
       CHRISTOPHER J. TRAINOR (P42449)
       AMY J. DEROUIN (P70514)
       SHAWN C. CABOT (P64021)
       Attorneys for Plaintiff
       9750 Highland Road
       White Lake, MI  48386
       (248) 886-8650
       shawn.cabot@cjtrainor.com

Dated:  April 1, 2015
AJD/SCC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOAN THOMPSON,

    Plaintiff,

v.                                                                              CASE NO: 2:15-cv-11167
                                                                     HON: GERSHWIN A. DRAIN

CITY OF ST. CLAIR SHORES, STINDT,
TRAVIS CROOKS, and JENNA CONRAD,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

# **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        BY: **s/ Shawn C. Cabot**
          CHRISTOPHER J. TRAINOR (P42449)
          AMY J. DEROUIN (P70514)
          SHAWN C. CABOT (P64021)
          Attorneys for Plaintiff
          9750 Highland Road
          White Lake, MI  48386
          shawn.cabot@cjtrainor.com

Dated:  April 1, 2015
SCC/